J-S53014-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARLOS R. GARCIA, | : | |
| | : | |
| Appellant | : | No. 2119 MDA 2014 |

Appeal from the Judgment of Sentence September 22, 2014,
Court of Common Pleas, Lancaster County,
Criminal Division at No. CP-36-CR-0001382-2014

BEFORE: DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 28, 2015**

Appellant, Carlos R. Garcia ("Garcia"), appeals from the judgment of sentence entered on September 22, 2014 by the Court of Common Pleas of Lancaster County, Criminal Division, following his guilty plea to multiple violations of the Motor Vehicle and Crimes Codes. For the reasons that follow, we affirm Garcia's judgment of sentence.

We summarize the facts and procedural history of this case as follows. On February 22, 2014, Garcia was driving at high rate of speed (over sixty-five miles per hour in a thirty-five mile per hour zone) near the 1300 block of East King Street in Lancaster Township. N.T., 7/15/14, at 3, 5. Garcia was driving erratically, weaving in and out of traffic without signaling and cutting off vehicles as he passed them. *Id.* at 3-4. When the gray Honda in front of Garcia slowed for a vehicle that was turning left from the left lane of

traffic, Garcia suddenly swerved into the oncoming lane of traffic to avoid the Honda and hit a Subaru driven by Lisa Stamper ("Stamper"). *Id.* The crash resulted in the death of Stamper's daughter, Kaitlyn Berry, serious bodily injury to Stamper, and serious bodily injury to Garcia's seven-year-old son, who was the front seat passenger of Garcia's vehicle. *Id.* at 4. Blood testing revealed that Garcia's blood alcohol content was .144 at the time of the crash. *Id.*

Consequently, Garcia was charged with several violations of the Motor Vehicle and Crimes Codes, including one count each (unless otherwise specified) of the following: homicide by vehicle while driving under the influence ("homicide by vehicle – DUI"),[1] aggravated assault by vehicle while driving under the influence ("aggravated assault by vehicle – DUI"),[2] three counts of accidents involving death or personal injury while not properly licensed,[3] endangering the welfare of a child,[4] three counts of recklessly endangering another person ("REAP"),[5] DUI – general impairment,[6] DUI –

---

[1] 75 Pa.C.S.A. § 3735(a).

[2] 75 Pa.C.S.A. § 3735.1(a).

[3] 75 Pa.C.S.A. § 3742.1(a).

[4] 18 Pa.C.S.A. § 4304(a)(1).

[5] 18 Pa.C.S.A. § 2705.

[6] 75 Pa.C.S.A. § 3820(a)(1).

high rate of alcohol,[7] reckless driving,[8] driving while operating privilege suspended or revoked – DUI related,[9] driving at an unsafe speed,[10] failing to drive within a single lane,[11] and failure to yield the right of way.[12]

On July 15, 2014, Garcia entered an open guilty plea to all of the above-referenced crimes. On September 22, 2014, the trial court sentenced as follows:

- Homicide by vehicle – DUI – five to ten years;

- Aggravated assault by vehicle – DUI – five to ten years;

- Accidents involving death or personal injury while not properly licensed – three and half to seven years;

- Accidents involving death or personal injury while not properly licensed – three and half to seven years;

- REAP – one to two years;

- REAP – one to two years;

- Driving while operating privilege suspended or revoked – DUI related – ninety days.

---

[7] 75 Pa.C.S.A. § 3802(b).

[8] 75 Pa.C.S.A. § 3736(a).

[9] 75 Pa.C.S.A. § 1543(b)(1.1)(i).

[10] 75 Pa.C.S.A. § 3361.

[11] 75 Pa.C.S.A. § 3309(1).

[12] 75 Pa.C.S.A. § 3302.

For all remaining counts, Garcia received no sentence or the crimes merged for purposes of sentencing. The trial court ordered Garcia to serve each sentence consecutively for an aggregate sentence of nineteen years and ninety days to thirty-eight years of incarceration.

On October 1, 2014, Garcia filed a timely post-sentence motion to modify sentence seeking a reduction in his sentence to an aggregate sentence of ten to twenty years of incarceration, which the trial court denied on November 17, 2014. On December 11, 2014, Garcia filed a timely notice of appeal. On December 29, 2014, the trial court ordered Garcia to file a concise statement of the errors complained of pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On January 20, 2015, Garcia timely filed his Rule 1925(b) statement.

On appeal, Garcia raises the following issues for our review and determination:

> I. Were statutory maximum sentences above the aggravated range of the sentencing guidelines for [accidents involving death or personal injury while not properly licensed] unreasonable?
>
> II. Was an aggregate sentence of nineteen years ninety days to thirty-eight years so manifestly excessive as to constitute an abuse of discretion?

Garcia's Brief at 7.[13]

---

[13] We have reordered the issues Garcia raises on appeal for ease of review.

Both issues that Garcia raises on appeal challenge the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether,

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, Garcia preserved his discretionary aspects of sentencing claims by raising them in a post-sentence motion. ***See*** Post-Sentence Motion to

Modify Sentence, 10/1/14, at 1-8. Garcia also filed a timely notice of appeal and included in his appellate brief a concise statement of the reasons relied upon for the allowance of his appeal pursuant to Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure. **See** Garcia's Brief at 13-16. Thus, we must determine whether Garcia's discretionary aspects of sentencing claims raise substantial questions for our review.

For each issue Garcia raises on appeal, he actually raises two discretionary aspects of sentencing claims. In his first issue, Garcia argues that the trial court imposed sentences outside the aggravated range for his accidents involving death or personal injury while not properly licensed convictions without stating sufficient reasons for doing so. Garcia's Brief at 15. Additionally, Garcia claims that the trial court imposed these sentences without considering mitigating factors, such as Garcia's remorse, his decision to plead guilty, and his history of never committing a violent crime. Garcia's Brief at 15-16. "A claim that the sentencing court imposed a sentence outside of the guidelines without specifying sufficient reasons presents a substantial question for our review." **Commonwealth v. Holiday**, 954 A.2d 6, 10 (Pa. Super. 2008). Furthermore, a claim that the trial court imposed a sentenced above the aggravated range without considering mitigating factors also raises a substantial question. **See Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (en banc) (holding that a "claim that the court erred by imposing an aggravated range sentence

without consideration of mitigating circumstances raises a substantial question").

In his second issue, Garcia argues that the consecutive nature of his sentences resulted in an aggregate sentence that was clearly unreasonable and manifestly excessive. Garcia's Brief at 14. Consequently, Garcia asserts that his sentence is not consistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs. *Id.* at 14-15. This Court has held that a claim that the imposition of consecutive sentences resulted in an aggregate sentence disproportionate to the crimes committed, "in combination with allegations that a sentencing court did not consider the nature of the offenses …, presents a plausible argument that the length of the sentence violates fundamental sentencing norms[,]" and therefore raises a substantial question. *Dodge*, 77 A.3d at 1271-72. Because Garcia has complied with each of the technical requirements for consideration of a challenge to the discretionary aspects of a sentence, and because all of his claims raise a substantial question, we will consider each of his claims on their merits.

Our standard of review when considering discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. *Commonwealth v. Paul*, 925 A.2d 825 (Pa. Super. 2007). The standard employed when reviewing the discretionary aspects of sentencing is very narrow. [*Commonwealth v.*

> ***Marts***, 889 A.2d 608, 613 (Pa. Super. 2005)]. We
> may reverse only if the sentencing court abused its
> discretion or committed an error of law. ***Id.*** "A
> sentence will not be disturbed on appeal absent a
> manifest abuse of discretion. In this context, an
> abuse of discretion is not shown merely by an error
> in judgment. Rather, the appellant must establish,
> by reference to the record, that the sentencing court
> ignored or misapplied the law, exercised its
> judgment for reasons of partiality, prejudice, bias or
> ill will, or arrived at a manifestly unreasonable
> decision." ***Commonwealth v. Littlehales***, 915
> A.2d 662, 665 (Pa. Super. 2007). We must accord
> the sentencing court's decision great weight because
> it was in the best position to review the defendant's
> character, defiance or indifference, and the overall
> effect and nature of the crime. ***Marts***, 889 A.2d at
> 613.

***Commonwealth v. Cook***, 941 A.2d 7, 11-12 (Pa. Super. 2007).

For his first issue on appeal, Garcia argues that the trial court imposed sentences outside the aggravated range for his accidents involving death or personal injury while not properly licensed convictions, without stating sufficient reasons for doing so.[14] Garcia's Brief at 22-25. Additionally, Garcia claims that the trial court imposed these sentences without

---

[14] To the extent Garcia argues that the trial court considered improper factors in sentencing him, ***see*** Garcia's Brief at 24-25, this claim is waived. As discussed above, it is well settled that "'issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.'" ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (en banc) (quoting ***Commonwealth v. Kittrell***, 19 A.3d 532, 538 (Pa. Super. 2011)). Garcia did not raise this claim in his post-sentence motion to modify his sentence and cannot raise it for the first time on appeal. ***See*** Pa.R.A.P. 302(a).

considering mitigating factors, such as Garcia's remorse, his decision to plead guilty, and his history of never committing a violent crime. *Id.* at 25-29.

Section 9721(b) of the Sentencing Code provides, in pertinent part, as follows:

> **(b) General standards.--** … the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. … In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

The trial court explained its reasoning for Garcia's sentence as follows:

> All right. I have considered the arguments of counsel, the statements of everybody here, as well as the [p]resentence [i]nvestigation.
>
> Although you have some good things in your Presentence Investigation, Mr. Garcia, there are some things that certainly go against you, and that is your basically terrible criminal prior record [sic].
>
> When you put that into account with the facts of this case, which, to be quite frank, are horrendous, this case, in my mind, could have been a situation where the Commonwealth could have charged you with

third degree murder because of the nature of your actions here. They did not do that; however, you still face a number of very serious charges.

What I think is particularly shocking about this, this could have been avoided in any of three ways, Mr. Garcia:

Number one, the easiest way, you shouldn't have been out on the road. You had a license suspension, and I believe your license has been suspended for years. Suspended license means you don't drive. So if you didn't drive, this obviously never could have happened.

Secondly, you were under the influence of alcohol, roughly a .14 on this. If you hadn't consumed any alcohol, this probably never would have happened.

Third, to be quite frank, you drove like a maniac on that particular day. This is extremely aggressive driving.

I think you have to consider the fact of where this was, what time this was and what you were doing. It was aggressive driving, and there were a number of serious violations. You were driving a relatively large SUV on a crowded city street at 1:20 p.m. in the afternoon.

That's what makes the facts of this case so horribly horrendous. Your prior convictions include a prior DUI back in 2003, which is why the driving under suspension is a DUI-related suspension.

You don't do very well under supervision. You actually have been in court -- today makes the 20th time you have been in court in front of a judge, and nine of those times were for violation of your probation and parole. I note that you still owe outstanding to the County of Lancaster over $16,000.

> We've heard a lot of things about how this has affected the family, and I'm sure it's affected your family, too, because I'm working under the assumption you love them and they love you. I'm assuming you love your son, and what I was really impressed about here is even the victims in this case were concerned -- they were concerned about your son. They wanted to know what happened to the little boy in this case.
>
> So I agree that your family loves you and you love them. However, I just can't possibly forget what you did to this family here. One person is dead. One person is very seriously injured. Their life is shot, basically, from here on in.
>
> And regarding what happened to them, for the reasons I stated before, I think all of the incidents that occurred regarding that family, in fact, deserve the maximum sentence allowable by law.

N.T., 9/22/14, at 15-17.

Therefore, the trial court provided ample reasoning for why it sentenced Garcia as it did. Additionally, the trial court's explanation of Garcia's sentence further reflects that the court took into consideration mitigating factors such as Garcia's son and family and the positive aspects of Garcia's presentence investigation report. This Court has held that "where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013) (quotations, brackets, and citation omitted),

appeal denied, 85 A.3d 481 (Pa. 2014). Thus, we conclude that the trial court stated sufficient reasons for Garcia's sentence and took into consideration all necessary factors in determining his sentence. ***See*** 42 Pa.C.S.A. § 9721(b). Accordingly, we conclude that Garcia's first issue does not entitle him to any relief.

For his second issue on appeal, Garcia argues that the consecutive nature of his sentences resulted in an aggregate sentence of nineteen years and ninety days to thirty-eight years of incarceration, which was manifestly excessive and an abuse of discretion. Garcia's Brief at 19. Garcia further asserts that his sentence was not consistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs. ***Id.*** at 20-21.

As stated above, a sentence must be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (quotations and citation omitted), appeal denied, 77 A.3d 1258 (Pa. 2013).

Here, the certified record on appeal reflects the following. On the day of the crash, Garcia was driving erratically, weaving in and out of traffic, at a high rate of speed, while under the influence of a high-rate of alcohol, with his seven-year-old son in the passenger's seat of his vehicle. N.T., 7/15/14, at 3-5. Because of Garcia's extraordinarily reckless actions, Garcia caused a motor vehicle crash in which his vehicle slammed head-on into the vehicle of Stamper. *Id.* at 3-4. The crash resulted in the death of Stamper's daughter and caused serious bodily injury to Stamper. *Id.* at 4. Moreover, the certified record further reflects that at the time of the accident, Garcia was driving with a suspended license and that this was not his first DUI. N.T., 9/22/14, at 15-16. Finally, the record reveals that Garcia has performed poorly under supervision, as the trial court noted that Garcia had been before a judge twenty times, and nine of those appearances were for violating his probation or parole. *Id.* at 16. Therefore, based on our review of the circumstances of the offense, the trial court's findings as fully set forth above, and Garcia's history, we conclude that the trial court's aggregate sentence for Garcia was not manifestly excessive and was consistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs. Accordingly, the trial court did not abuse its discretion in sentencing Garcia.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015